IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD MATHIS, #1399404,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0060-P |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Richard Mathis (Mathis), a *pro se* state prisoner, filed an "Emergency Motion to Stop the AEDPA One-Year Clock."[1]

The court cannot interpret Petitioner's motion as commencing a habeas corpus action. Rule 2(c) and (d), of the Rules Governing Section 2254 Cases, provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests an unspecified stay of the one-year statute of limitations for filing a § 2254

---

[1] Petitioner neither paid the $5.00 filing fee, nor submitted a motion for leave to proceed *in forma pauperis*.

habeas petition in this court and, thus, cannot be construed as the habeas corpus petition itself.[2]

To the extent Petitioner's emergency motion requests an extension of the one-year limitations period, it fails to present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitation as to future claims by persons not party to the case before the court).

In essence, Petitioner asks the court to determine in advance whether his habeas petition will be timely or time-barred. The court cannot grant the relief requested without offending the Constitution's case or controversy requirement. *See Brewster v. Quarterman*, No. 3:06cv2355-N (N.D. Tex., Dallas Div., Feb. 28, 2007) (denying motion seeking extension of the one-year limitations period for want of jurisdiction); *Hernandez v. Dretke*, No. 3:05cv1294-D (N.D. Tex., Dallas Div., Aug. 4, 2005) (same). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").[3]

---

[2] The court was unable to confirm the status of the art. 11.07 state habeas application, which Petitioner claims filing on May 12, 2009, in the 396th District Court of Tarrant County. (*See* Emergency Motion at 2). Nor does the website for the Texas Court of Criminal Appeals reflect the receipt/filing of any art. 11.07 application on Petitioner's behalf.

[3] The court does not express any opinion as to the timeliness or untimeliness of the petition which Petitioner may file at a later date. The statute of limitations under § 2244(d) is an

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to stop the one-year statute of limitations (Docket #1) be DISMISSED for want of jurisdiction.

Signed this 20th day of February, 2010.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

affirmative defense, which can be raised *sua sponte* by the court or in a response to a § 2254 petition. Although "finality" of a conviction is one event which triggers the running of the one-year period, i.e. § 2244(d)(1)(A), the statute identifies three other dates from which the one-year period may commence to run. *See* § 2244(d)(1)(B)-(D). Also in exceptional circumstances, the running of the one-year period may be equitably tolled. In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).